IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY WAYNE WOODS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3780 |
| | § | |
| BRAD LIVINGSTON, in his individual and | § | |
| official capacity as the Executive Director | § | |
| of the Texas Department of Criminal Justice, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Plaintiff Bobby Wayne Woods, an inmate in custody at the Polunsky Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") under a capital conviction and death sentence, faces an execution date of December 3, 2009. Woods has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking a permanent injunction. According to his pleadings, Woods wanted his attorneys to videotape him in preparation for filing a clemency petition. Because prison officials would not allow the videotaping, he had to file his clemency petition without that supporting material. Woods asks for a declaration that the prison officials violated his constitutional rights and a permanent injunction that would allow video recording. Woods also seeks to proceed *in forma pauperis*. After reviewing all of the pleadings, this Court concludes that the complaint must be dismissed for reasons that follow.

Woods states that "[v]enue is proper in this Court . . . because the Defendant may be found in this District." Woods is currently housed at the Polunsky Unit, which is located in Polk County. Polk County is located within the Eastern District of Texas, Lufkin Division. *See* 28 U.S.C. § 124(c)(6). While Woods lists a business office for the defendant Mr. Livingston in Huntsville,

Texas, he states that he "can be served with process" in Austin, Texas. While Woods mentions several people who involved in denying him access for videotaping, he does not identify any action made by Mr. Livingston, much less one made in the Southern District of Texas. The events Woods complains of appear to have occurred principally in Polk County. Because the parties and civil rights violations alleged in the complaint do not have any connection to the Southern District of Texas, Houston Division, the complaint was not properly filed in this district. *See* 28 U.S.C. § 1391(b); *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406 (providing that a district court may dismiss a case improperly filed in the wrong district or division or, in the interest of justice, transfer the case to any district or division in which it could have been brought). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). This Court finds that a transfer would not be appropriate in this case for two reasons. First, because Woods is a prisoner, the Prison Litigation Reform Act governs his claims. The PLRA requires civil rights plaintiffs to exhaust their complaints through available state administrative remedies or procedures. Woods' complaint does not suggest that he has given the State of Texas an opportunity to consider his arguments, therefore, it appears that he has not exhausted administrative remedies as required by 42 U.S.C. § 1997e)(a).

More important, a federal court has already rejected these same arguments. A review of the complaint in this case shows that Woods' allegations are similar, if not identical, to those recently raised and rejected in a habeas action in the Western District of Texas, Austin Division. There, the

Honorable United States District Judge Sam Sparks sharply rejected Woods' request to make a videotaped recording in anticipation of the clemency petition. Specifically, Judge Sparks wrote:

> [T]he Court has little desire to issue an order meddling in the administration of the state prison system. In issuing the relief requested by Woods, the Court would be mandating to the Director of the Texas Department of Criminal Justice how he should operate the prison system, on the basis of very little information, and further mandating that he violate his Department's own policies and procedures. The Court has confidence the Director will act competently and reasonably in discharging the duties attendant to his position, about which he is far more knowledgeable than this Court.

(*Woods v. Thaler*, A-09-CA-789-SS (W.D. Tex. 2009), Docket Entry No. 7 at 2).

A prisoner civil rights complaint is considered "malicious" for purposes of the PLRA if it duplicates allegations made in another federal lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993). The allegations in Woods' pending civil rights complaint mimic those presented previously on federal habeas corpus review. To the extent that Woods' claims were raised and rejected in a federal habeas corpus proceeding, as opposed to a civil rights action, is of no moment. A prisoner may not circumvent legal rulings in one judicial district by seeking the same relief in another. Because the plaintiff has made the same or similar claims in another lawsuit filed by him previously, the Court concludes that the present complaint is subject to dismissal as malicious under 28 U.S.C. § 1915(e)(2)(B)(i). *See, e.g., Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte*).

In this instance, the Court concludes that the interests of justice do not merit a transfer. The Court **DENIES** Woods' motion to proceed *in forma pauperis*. The Court **DISMISSES** Bobby Wayne Woods' complaint **WITHOUT PREJUDICE**.

The Clerk will provide a copy of this order to the parties.

SIGNED on November 23, 2009, at Houston, Texas.

                                      Lee H. Rosenthal
                                United States District Judge