IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY WAYNE WOODS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3780 |
| | § | |
| BRAD LIVINGSTON, in his individual and | § | |
| official capacity as the Executive Director | § | |
| of the Texas Department of Criminal Justice, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Bobby Wayne Woods, an inmate on death row and facing an execution date of December 3, 2009, today filed a motion for a stay of execution. For the reasons provided below, this court denies Woods's request to stay his execution.

On November 20, 2009, Woods filed a civil rights complaint under 42 U.S.C. § 1983 against the defendant, Brad Livingston. (Docket Entry No. 1). Woods's complaint alleges that his counsel's inability to videotape him as part of his clemency petition to provide evidence of his impaired mental capacity violated his constitutional rights. In his complaint, Woods alleged that the warden of the Polunsky Unit refused to allow his attorneys access to videotape him. Woods mentions communications with other TDCJ employees, but does not name them as defendants. Nor does he allege any act, omission, policy, or custom involving Brad Livingston. On November 23, 2009, this court dismissed Woods civil rights complaint for a lack of venue, finding no connection between the alleged civil rights violations and the Southern District of Texas, Houston Division. (Docket Entry No. 3).

This court recognized two reasons for not transferring Woods's case to a different venue.

These are also reasons for dismissing his complaint. First, Woods has not exhausted his administrative remedies, as required by federal law. Second, Woods raised precisely the same allegation that is the sole basis of this complaint in his habeas action in the United States District Court for the Northern District of Texas. Woods cannot not appeal from, seek reconsideration, or otherwise challenge that federal court denial of his request to videotape by filing a lawsuit here making precisely the same request. These grounds, apart from venue, require dismissal of this complaint.

Today, Woods filed a motion to stay his upcoming execution in the lawsuit seeking an injunction requiring TDCJ-ID to allow his counsel to videotape him for use in his clemency petition. Woods wants this court to stay his execution while he appeals this court's dismissal of his suit seeking an injunction allowing a videotape. Woods is not asking to litigate his *Atkins* claims over. He has already litigated that claim in the state and federal trial and appellate courts, without success. Woods's motion outlines the efforts he has made in state and federal court to prepare for his clemency petition. Woods claims that this court was the appropriate venue for his civil rights complaint arising out of the refusal to allow a videotape because Livingston has a business office in this judicial district. Woods does not describe what relevant action Livingston took in his individual or official capacity.[1] Woods also distinguishes his request for an order requiring the State of Texas to allow videotaping, which he filed in another district court, from the constitutional grounds he alleges in his civil rights complaint. Woods does not show that he has made any effort to advance his civil rights claims in any state administrative proceeding. Woods asks this court to

---

[1] Wood's request for a stay faults Mr. Livingston "and his agents" for their actions against him. Mr. Livingston is the only named defendant in this action.

stay his execution "to enable Mr. Woods to file a complete clemency proceeding." The court finds that a stay is not appropriate on this ground or in this case.

The Supreme Court has cautioned that a stay "is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Id.*; *Gomez v. United States Dist. Court for Northern Dist. of Cal.*, 503 U.S. 653, 654 (1992) (noting that the "last-minute nature of an application" or an applicant's "attempts to manipulate" the judicial process may be grounds for denial of a stay).[2] Woods has not shown that this court was incorrect in dismissing his complaint, without prejudice, based on venue. Nothing Woods complains about occurred in this district. Woods did not comply with the Prison Litigation Reform Act by exhausting his administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 217 (2007) ("The PLRA requires exhaustion of 'such administrative remedies as are available.'") (quoting 42 U.S.C. § 1997e(a)). And, most importantly, Woods has already litigated the question of whether the federal courts should issue an injunction to require the TDCJ-ID to

---

[2] Some question exists as to whether this court possesses jurisdiction to stay Woods's execution through a civil rights action. The Fifth Circuit has previously held that "federal courts lack jurisdiction to stay executions under § 1983." *Moody v. Rodriguez*, 164 F.3d 893 (5th Cir. 1999); *see also Beets v. Texas Bd. of Pardons & Paroles*, 205 F.3d 192, 193 (5th Cir. 2000). "Federal courts cannot enjoin state-court proceedings unless the intervention is authorized expressly by federal statute or falls under one of two other exceptions to the Anti-Injunction Act." *McFarland v. Scott*, 512 U.S. 849, 857 (1994). The only statutory authority for a federal court to stay an execution comes from the federal habeas corpus statute which "grants any federal judge '*before whom a habeas corpus proceeding is pending*' power to stay a state-court action 'for any matter involved in the habeas corpus proceeding.'" *Id.* (quoting 28 U.S.C . § 2251) (emphasis added); *see also Rosales v. Quarterman*, 565 F.3d 308, 311 (5th Cir. 2009). If "no habeas petition remains pending in the federal courts" then "both the district court and [the circuit] court are without jurisdiction to enter a stay of execution." *Rosales*, 565 F.3d at 311. Some cases, however, have considered whether to stay an execution (generally in a challenge to a particular method of execution) without questioning the jurisdictional underpinnings of a stay request. *See, e.g., Walker v. Epps*, 550 F.3d 407, 412 (5thCir. 2008).

permit the videotaping. The relief Woods seeks in this federal suit is the same as sought in the proceeding in the Western District of Texas. A strongly worded order denying that request has issued from that federal court. In that order, the court made it clear that Woods has had ample opportunity to litigate questions about his mental abilities, developing a extensive record of that issue to use in the clemency petition. (*Woods v. Thaler*, A-09-CA-789-SS (W.D. Tex. 2009), Docket Entry No. 6 at 11). Woods did not point to any constitutional requirement that a clemency petition include videotaped evidence. Woods has not appealed that decision. Woods has not shown that this is the proper forum for raising that issue again. While Woods objects that he has not acted "maliciously" in filing in this district, the use of that term is a technical application of the PLRA, which prevents duplicate allegations made in another federal lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993).

Given all the circumstances, Woods has not shown that a stay would be in the interest of justice. Accordingly, this court **DENIES** Woods's motion to stay his execution.

SIGNED on November 25, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge